UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL PARSON,          : | |
|     Plaintiff                    : | |
|                          : | |
| vs.                                      : | CIVIL NO. 13-CV-2335 |
|                          : | |
| CARLISLE BOROUGH, BARRY          : | |
| WALTERS, CHIEF STEPHEN              : | |
| MARGESON, and DAVID FONES,       : | |
|     Defendants.                  : | |

*M E M O R A N D U M*

*I.      Introduction*

We are considering a motion by Defendant Fones to dismiss Plaintiff's amended complaint. (Doc. 22). Plaintiff, a police officer in the Borough of Carlisle, filed this Section 1983 lawsuit on September 9, 2013, naming the following defendants: the Borough of Carlisle, Lieutenant Barry Walters, Police Chief Stephen Margeson, and Sergeant David Fones, a police officer and president of Plaintiff's union, the Carlisle Police Association. (Doc. 1). Plaintiff claims in eight counts that Defendants violated his First Amendment right to free speech; his Fourteenth Amendment right to substantive due process; the Omnibus Crimes Control and Safe Streets Act; and invaded his privacy. (Doc. 17). On January 24, 2014, Defendant Fones filed the instant motion to dismiss the amended complaint pursuant to Rule 12(b)(6) and a supporting brief. Fones claims that he should be dismissed from this action because, as a union representative, he is a

private actor who is not subject to liability under Section 1983, and the right to "adequate union representation" is not a right guaranteed by the Constitution. Alternatively, Fones argues that Plaintiff fails to state a claim on which relief can be granted. For the following reasons, we will grant Fones' motion to dismiss.

II.     Discussion

    *A. Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal

conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

### B. Section 1983 Claims

To properly state a Section 1983 claim, a plaintiff must show: (1) a violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Here, Plaintiff fails to plead any facts tending to show that Defendant Fones deprived him of a constitutional right. Counts I and II allege a violation of Plaintiff's First Amendment right to free speech, and Counts IV and V allege a violation of his Fourteenth Amendment right to substantive due process. (Doc. 17). Although Fones' name appears in each of these counts, Plaintiff makes no factual allegations against him that implicate a constitutional violation.

For example, in Count I, Plaintiff states that Fones was Plaintiff's supervisor and that he knew about Plaintiff's medical conditions and his requests for accommodation. (Doc. 17, ¶¶ 97-101). Plaintiff further states that Fones was his union representative, and that Fones "intentionally, negligently, refused or otherwise failed to

provide Plaintiff with adequate union representation regarding his need for medical accommodations." (Id. ¶ 104). The Constitution does not guarantee a right to collective bargaining, so Plaintiff's claim that Fones deprived him of "adequate union representation" is irrelevant for the purposes of a Section 1983 claim. The only other time that Fones is mentioned in this count is in Paragraph 109, in which Plaintiff makes the following conclusory statements: "Defendants Margeson, Walters, and Fones [sic] above-described misconduct violated Plaintiff's freedom to expression in the following manner: Unreasonably restricting Plaintiff's ability to express himself regarding his injuries . . . [and] . . . regarding need [sic] for medical accommodations." (Id. ¶ 109). Plaintiff alleges no facts in Count I that plausibly support his claim that Fones deprived him of his freedom of expression.

The same analysis applies to the remaining three constitutional claims. Except for very minor variations, Counts II, IV, and V mirror Count I: Plaintiff states that Fones knew about Plaintiff's medical problems and requests for accommodations, and failed to provide Plaintiff with adequate union representation. Plaintiff does not allege that Fones deprived him of any constitutional rights. Failure to allege the deprivation of a right guaranteed by the Constitution is fatal to any Section 1983 claim. Accordingly, we will dismiss Counts I, II, IV, and V against Defendant Fones.[1]

---

1. We note that a significant portion of Fones' brief is dedicated to the argument that Plaintiff's Section 1983 claims against Fones fail because he is not a state actor. Because we find that Plaintiff failed to allege the deprivation of a constitutional right, we do not decide whether a union official, who is also employed as a police officer, is considered a state actor for the purposes of Section 1983.

*C. Supplemental State Law Claims[2]*

In addition to the constitutional claims discussed *supra*, Defendant Fones is named in Counts VI (Omnibus Crime Control and Safe Streets Act Claim) and VII (Invasion of Privacy Claim). We will dismiss Count VI as to Fones because it appears that his inclusion in this count was a mistake. The title of Count VI reads, "Against Defendant Walters Fones [sic] for Violation of Omnibus Crime Control and Safe Streets Act." (Doc. 17 at 23). Other than placing his name in the title, Plaintiff alleges no facts about Fones in this count. We will dismiss this claim.

In Count VII, Plaintiff asserts a state law claim for invasion of privacy against Defendants Margeson, Walters, and Fones. According to the Supreme Court of Pennsylvania, "[o]ne who gives publicity to matters concerning the private life of another, of a kind highly offensive to a reasonable man, is subject to liability to the other for invasion of his privacy." Vogel v. W.T. Grant Co., 327 A.2d 133, 136 (Pa. 1974). This claim is based on the wiretapping incident that took place between Plaintiff and Defendant Walters. Plaintiff does not allege that Fones was involved in the wiretap itself or the decision to play the recording for the other police officers. Rather, Plaintiff brings this claim against Fones on the basis that Fones "failed to take remedial action" after-the-

---

2. In his brief in opposition to Fones' motion to dismiss, Plaintiff attempts to add a state law claim for breach of the duty of fair representation. (Doc. 28 at 27). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), only the allegations made in the complaint should be analyzed. Ritter v. Virtue, No. 09-1250, 2010 WL 1433130, at *1 (M.D. Pa. April 7, 2010). Reviewing the amended complaint, it is clear that Plaintiff did not initially contemplate a claim for failure to represent. Accordingly, we find that this claim was never plead, and we will not address the parties' arguments on the subject.

fact. (Doc. 17 ¶ 187). Under Pennsylvania law as it presently stands, there is no tort liability for an individual who fails to take remedial action against a third party "invader" of privacy. See, e.g., Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1384 (Pa. Super. Ct. 1984)(discussing the elements of the tort). As Defendant Fones correctly observes, "liability for Invasion of Privacy accrues to the 'invader.'" (Doc. 23 at 25). Since Plaintiff has failed to plead any facts demonstrating that Fones invaded his privacy, we will dismiss this claim.

*III.*     *Conclusion*

For the reasons above, Defendant Fones' motion to dismiss will be granted. Leave to amend the claims will be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile). We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge